MITTENDORF ET AL., APPELLANTS, *v.* CITY OF IRONTON, APPELLEE.

(No. 850—Decided April 15, 1953.)

*Mr. A. J. Layne,* for appellant.
*Mr. Homer Edwards,* city solicitor, for appellee.

GILLEN, P. J.   Plaintiff instituted this action in the Court of Common Pleas of Lawrence County, to enjoin the city of Ironton from collecting a special as-

sessment levied against her property for the improvement of a street. She claims that certain irregularities in the proceedings render the assessment void.

Section 3814, General Code, provides that when it is deemed necessary to make a public improvement to be paid for in whole or in part by special assessments, council shall declare the necessity thereof by resolution. Section 3815, General Code, sets forth the various matters to be contained in the resolution of necessity. Section 3816, General Code, requires that at the time of the passage of the resolution of necessity, council shall have on file plans, specifications, estimates and profiles of the proposed improvement, open to the inspection of all persons interested.

On December 21, 1950, the Ironton city council adopted resolution No. 4177, which is a resolution of necessity for the improvement of certain streets. Section 3 of that resolution recites that the plans, specifications, estimates and profiles of the proposed improvement, prepared by the city engineer and now on file in the office of the city manager of the city of Ironton, be, and the same are hereby approved. Section 4 provides that the whole cost of the improvement, less two per cent and the cost of intersections, which shall be borne by the city, shall be assessed in proportion to benefits which may result from the improvement upon all the lots and lands bounding and abutting upon the proposed improvement, all which lots and lands were thereby determined to be specially benefited by such improvement. The resolution meets all the requirements of Section 3815, General Code. The plans and specifications on file at the time of the adoption of the resolution show that the lots and lands within an area 132 feet in depth on each side of the street were to be assessed. All property owners, including plaintiff, were duly notified of the proposed

improvement in compliance with the provisions of Section 3818, General Code. No complaint or protest was filed by plaintiff until after the completion of the improvement. Her lot does not abut on the improved street, but is within the area of 132 feet in depth as shown by the plans and specifications. It is urged that the resolution of necessity describing the property to be assessed as the lots and lands bounding and abutting upon the proposed improvement was not sufficient to include her lot. It is claimed also that the estimate of the cost of the improvement was increased from $206,922.60 to $255,535.12 after the adoption of the resolution of necessity.

The purpose of having an estimate on file is merely to advise the property owners of the probable cost of the improvement. It is not a guaranty that the actual cost will be limited to such estimate. There is no provision of law requiring the municipality to keep the actual cost of the improvement within the preliminary estimate. With the rapid increase in cost of both materials and labor it is extremely difficult to make an accurate estimate of the cost of an improvement where the contract is to be let at some future date. In the absence of fraud or bad faith, and in the instant case no such claim is made, we find no difficulty in holding that it was proper to make a correction in the estimated cost. It was not the result of a change of the plans or specifications, but merely an error of judgment by the engineer.

It is not claimed that plaintiff's property was not benefited by the improvement or that the assessment levied against her property was in excess and out of proportion to the benefit received. The sole claim of plaintiff is that her land did not abound and abut on the street improved. An examination of section four of the resolution of necessity shows clearly that coun-

cil intended to assess property in proportion to the benefit received. Section three of the resolution makes specific reference to the plans and specifications on file, and adopts such plans and specifications as a part of the improvement program. The plans, specifications, estimates and profiles on file at the time included plaintiff's property. Certainly, under such circumstances, the notice she received was sufficient to put her on guard concerning the matter. She made no complaint until after her property received the full benefit of the improvement. The defect or irregularity in the proceedings was not sufficient to render the resolution of necessity void.

Section 3902, General Code, provides:

"When it appears to the council that a special assessment is invalid, by reason of informality or irregularity in the proceedings, or when an assessment is adjudged to be illegal, by a court of competent jurisdiction, the council may order a re-assessment, whether the improvement has been made or not."

Under the provisions of this statute, the council of the city of Ironton would have full authority to correct the irregularity appearing in the proceedings by ordering a reassessment. Since there is no claim, however, that the assessment already levied is out of proportion to the benefit received, there is no necessity for a reassessment.

Plaintiff, having received the full benefit of the improvement and having raised no complaint about the irregularity until after the completion of the improvement, is not entitled to the relief sought.

We have examined all the authorities cited by counsel and find that in each instance the factual situation differs from the factual situation in the case at bar. Furthermore, we have read the written decision of the trial judge in this cause and are in full accord with

his conclusions. The relief sought by plaintiff is denied, and judgment is rendered for defendant.

*Judgment for defendant.*

McCURDY, J., concurs.
COLLIER, J., not participating.